

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXI AYALA PEREZ,<br><br>                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                    Respondents. | Case No.:  3:25-cv-03777-CAB-JLB<br><br>**ORDER GRANTING HABEAS PETITION**<br><br>**[Doc. No. 1]** |

Pending before the Court is Alexi Ayala Perez's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner claims that he is detained by Immigration and Customs Enforcement ("ICE") in violation of the Immigration and Nationality Act, the Fifth Amendment, and regulations governing the termination of parole.  [*Id.* at 2, 12–14.]  He principally seeks immediate release.  [*Id.* at 15.]  Respondents filed a response to the Petition, [Doc. No. 4], and Petitioner filed a traverse, [Doc. No. 5].  For the following reasons, the Court **GRANTS** the request for a writ of habeas corpus and **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to his May 23, 2025 re-detention.

///

///

## I. BACKGROUND

Petitioner is a Cuban national who presented at the San Ysidro port of entry on June 3, 2024 with an appointment via the Customs and Border Protection ("CBP") One mobile application. [Petition at 5.] He was inspected and paroled into the United States under 8 C.F.R. § 212(d)(5)(A). [*Id.*] He was issued a Form I-94 valid through June 2, 2026, and later issued an Employment Authorization Document valid through June 3, 2026. [*Id.* at 5–6.] On May 23, 2025, Petitioner appeared for a master calendar hearing in his case and was detained by ICE when exiting the hearing. [*Id.* at 6.] Respondents do not refute or supplement any of Petitioner's facts. [*See generally* Doc. No. 4.]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

Petitioner argues that his detention violates 8 C.F.R. § 212.5(e)(5) and his Due Process rights because his parole has never been revoked. Respondents do not engage with Petitioner's claims. Instead, Respondents state that Petitioner is detained under 8 U.S.C. § 1226(a) and under the final judgment in *Maldonado Bautista v. Noem*, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) is entitled to a bond hearing. [Doc. No. 4.] The Court agrees with Petitioner.

8 C.F.R. § 212.5(e)(5) provides that parole shall be terminated "upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien[.]" Petitioner asserts, and Respondents do

not contest, that he has never received any written notice revoking his parole. [Petition at 12, 14.] The Court therefore finds that ICE violated 8 C.F.R. § 212.5(e)(5) by detaining Petitioner without at least written notice revoking his parole.

Additionally, because Petitioner was previously released on parole, he possessed a protected liberty interest in remaining free from detention that could not be revoked absent notice. When an individual is released from custody, a liberty interest is created which requires notice and a hearing before that individual may be taken back into custody. *See Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032–33 (N.D. Cal. 2025). Petitioner's sudden re-detention without notice, an individualized determination, or an opportunity to be heard violates the Due Process Clause. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (requiring notice and an opportunity to be heard before deprivation of a protected liberty interest); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (recognizing that revocation of parole inflicts a "grievous loss" and requires minimum due process protections).

## IV. CONCLUSION

Based on the foregoing, Petitioner's request for a writ of habeas corpus is **GRANTED** such that the Court **ORDERS** Respondents to immediately release Petitioner from custody under the same conditions of release that existed immediately prior to his May 23, 2025 re-detention.

The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: January 14, 2026

Hon. Cathy Ann Bencivengo
United States District Judge